<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **DE'OMILIA PLASTIC SURGERY, PC** | | |
| **and DAVID EVDOKIMOW, MD** : | **Civil Action No.: 12-06415 (FLW)** |
| : | |
| **Plaintiffs,** : | |
| : | |
| **v.** : | **MEMORANDUM OPINION** |
| : | **AND ORDER** |
| **GINGER SWEETON, individually,** : | |
| **and SWEETON BOOKKEEPING** : | |
| **SERVICE, INC., JOHN and JANE** : | |
| **DOES 1-V, and ENTITIES 1-V** : | |
| : | |
| **Defendants.** : | |
| _____: | |

<u>**ARPERT, U.S.M.J**</u>

Before the Court is a motion filed by Defendants Ginger Sweeton and Sweeton
Bookkeeping Service, Inc. ("Defendants") to stay all civil proceedings against them.
Defendant's Brief in Support of Motion to Stay ("Def.'s Br.") at 2, dkt. entry no. 15. Defendants
filed this motion pursuant to Federal Rule of Civil Procedure 26(c), claiming that the pending
civil litigation against Defendants ought to be stayed in order to preserve Defendant Ginger
Sweeton's Fifth Amendment privilege against self-incrimination in a parallel criminal
investigation that the U.S. Attorney's Office is conducting against her and her corporation. <u>Id</u>.
Plaintiffs De'Omilia Plastic Surgery, P.C. and David Evdokimow, M.D. ("Plaintiffs") filed
opposition to this motion, based principally on the grounds that Defendant Sweeton has reached
a plea agreement in the criminal case, and there is only the "mere potential" that she may be
prosecuted in other jurisdictions. Plaintiff's Brief in Opposition to Motion ("Pl.'s Br.") at 1
(emphasis omitted), dkt. entry no. 16. Defendants filed a reply brief, acknowledging that
Defendant Ginger Sweeton has accepted a plea offer from the U.S. Attorneys' Office, but

nevertheless requesting a stay because of the continuing threat of Defendants' prosecution for the same matters in other jurisdictions. Defendant's Reply Brief ("Def.'s Reply Br.") at 2, dkt. entry no. 19. For the reasons set forth below, Defendants' motion to stay is **DENIED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This matter arises out of Plaintiffs' suit against Defendants based on allegations of breach of contract, fraud, misrepresentation, and conversion. Plaintiff's Complaint ("Pl.'s Compl.") at 1-2, dkt. entry no. 1. Defendant Ginger Sweeton and her solely-owned corporation, Sweeton Bookkeeping, Inc., are also the subject of a parallel criminal investigation being conducted by the U.S. Attorney's Office in the District of New Jersey for the "precise subject" of Plaintiffs' civil Complaint. See Def.'s Br. at 2. In October 2013, Defendants filed the present Motion to Stay Proceedings pending the outcome of the criminal investigation and proceedings against them. Id. Shortly thereafter, Defendant Ginger Sweeton represented to the Court that she had been offered a plea agreement by the U.S. Attorney's Office in New Jersey. Def.'s Br. at 2. Defendant Ginger Sweeton has accepted the plea in lieu of a formal indictment. Def.'s Reply Br. at 2. Nevertheless, because the agreement would not prevent Defendant Ginger Sweeton's prosecution in other jurisdictions Defendants move for a stay pending the outcome of any criminal investigation arising out of the same matters as Plaintiffs' civil Complaint so that Defendant Ginger Sweeton may preserve her Fifth Amendment privilege against self-incrimination. Def.'s Reply Br. at 2. Furthermore, Defendants maintain that the case should also be stayed as to the corporate Defendant Sweeton Bookkeeping Services, Inc. because it is "solely owned by [D]efendant [Ginger] Sweeton." Def.'s Br. at 6; see also Def.'s Reply Br. at 3. That is, because "there is nobody else who can be designated an agent of the corporation to provide discovery," if the Court does not stay the civil proceeding against the corporate Defendant,

Defendant Ginger Sweeton would be forced to waive her Fifth Amendment privilege in order to testify on behalf of the corporation. Id. Plaintiffs argue that because Defendant Ginger Sweeton has accepted a plea agreement in the case against her and her corporation in the District of New Jersey, and there is only a "mere potential" of future prosecution in other jurisdictions, the Court should allow their civil case against Defendants to go forward. Pl.'s Br. at 1.

## II. DISCUSSION

A court has discretion to stay a proceeding where "the interests of justice . . . require such action." United States v. Kordel, 397 U.S. 1, 12 n.27 (1970). The Supreme Court has noted that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants," and the court will "weigh competing interests and maintain an even balance" when making such a determination. Landis v. North American Co., 299 U.S. 248, 254-55 (1936) (internal citations omitted); see also In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982). Defendants cite a number of cases to bolster their claim that civil matters should be stayed pending the outcome of a criminal matter. However, Defendants' arguments are misplaced. While it "may be warranted in certain circumstances," a stay of civil proceedings when there is parallel criminal proceedings "is not constitutionally required." Walsh Securities, Inc. v. Cristo Property Management, Ltd., 886 F. Supp. 2d 523, 526 (D.N.J. 1998); see also Trustees of Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc., 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995). Indeed, courts have noted that a stay of a civil proceeding is an "extraordinary remedy." Weil v. Markowitz, 829 F.2d 166, 174 n.17 (D.C. Cir. 1987). Nevertheless, "a court may . . . exercise its discretion to stay the civil case in the interests of justice." Walsh, 7 F. Supp. 2d at 528. Generally, courts will consider six factors when deciding

whether to grant a stay: (1) the extent to which the issues in the criminal and civil case overlap; (2) the status of the case, including whether the defendant has been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; (4) the private interests of and burdens on defendants; (5) the interests of the court; and (6) the public interest. Id. at 527 (citing Transworld, 886 F. Supp. at 1139). This Court will now address each of these factors.

## 1. MOTION TO STAY AS TO DEFENDANT SWEETON INDIVIDUALLY

### A. Similarity of Issues—Overlap of the Criminal and Civil Matters

Defendants argue, and Plaintiffs do not deny, that the present civil matter arises out of the same facts and circumstances as the criminal investigation carried out by the U.S. Attorney's Office. Def.'s Br. at 4. Similarity of issues has been deemed "the most important issue at the threshold" when a court determines whether or not to grant a stay. Volmar Distrib., Inc. v. New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (quoting Milton Pollack, Parallel Civil and Criminal Proceedings, 129 F.R.D. 201, 203 (1989). Although the Constitution does not require a stay where there are parallel civil and criminal proceedings, denying a stay may undermine a defendant's Fifth Amendment privilege against self-incrimination. SEC v. Dresser Industries, 628 F.2d 1368, 1375-76 (D.C. Cir.), cert. denied, 449 U.S. 993 (1980). Refusing to grant a stay may also expand the rights of criminal discovery beyond the limits of Rule 16(b) of the Federal Rules of Criminal Procedure, expose the basis of the defense to the prosecution in advance of trial, or otherwise prejudice the case. Id. at 1376. In the instant case, there is no question that the "criminal investigation involves the same matters as the matters in this civil litigation." Def.'s Br. at 4. However, none of the examples cited above that may prejudice a defendant in parallel proceedings are implicated in this case. Defendant Ginger Sweeton has

already accepted a plea agreement in the criminal case against her in the District of New Jersey. Def.'s Reply Br. at 2. Therefore, there will be no criminal trial, and thus no concern that the government may be unfairly advantaged by any admissions she makes in the course of the civil action. Because Defendant Ginger Sweeton "may have already pled guilty to specific allegations in the criminal matter" in order to obtain her plea agreement, she should not be able to benefit further from such admissions by delaying the civil case against her. See Def.'s Reply Br. at 2. Therefore, this factor weighs against granting Defendants' motion to stay.

## B. Stage of Parallel Criminal Proceeding

Defendants urge the Court to stay the present civil proceedings in this case because she is currently "the target of an investigation by the U.S. Attorney's Office". Def.'s Br. at 5. Courts have held that "the stage of the parallel criminal proceeding may also substantially affect the determination of whether a stay is warranted." Walsh, 7 F. Supp. 2d at 527. It has also been noted that "the strongest case for a stay of discovery in a civil case occurs during a criminal prosecution after an indictment is returned" because "the potential for self-incrimination is greatest during this stage, and the potential harm to the civil litigants arising from delaying them is reduced due to the promise of a fairly quick resolution of criminal case under the Speedy Trial Act". Id. (citing Parallel Proceedings, 129 F.R.D. at 203). In the case at bar, Defendant Ginger Sweeton has not been indicted, but has instead accepted a plea agreement from the U.S. Attorney's Office. Def.'s Reply Br. at 2. That is, Defendant Ginger Sweeton may have pled guilty to specific allegations in the criminal manner against her, presumably waiving her Fifth Amendment privilege against self-incrimination, and the government will not be prosecuting her in a criminal trial. Therefore, there is no need to stay the civil proceeding to "'avoid[ ] the quandary of choosing between waiving [the defendant's] Fifth Amendment rights or effectively

forfeiting the civil case.'" Def.'s Br. at 5 (quoting <u>Transworld</u>, 886 F. Supp. at 1139-40). Furthermore, although Defendant Ginger Sweeton points to the fact that she may face further investigation or prosecution in New York and Tennessee for actions arising out of the same acts alleged in this case, courts generally deny *pre* indictment requests for a stay. <u>Walsh</u>, 7 F. Supp. at 527 (citing <u>United States v. Private Sanitation Indus. Ass'n</u>, 811 F. Supp. 802, 805 (E.D.N.Y. 1992) (denying defendant's motion to stay, noting that because defendant "has yet to be indicted by any grand jury, his motion to stay may be denied on that ground alone.")). It is also important to note that because Defendant Ginger Sweeton has accepted a plea agreement in the criminal case against her, it is unlikely that any answers she provides in the civil case against her would affect her liability in the criminal matter, and, in any event, the likelihood of further prosecution is small. <u>See</u> <u>Arden Way Assoc. v. Boesky</u>, 660 F. Supp. 1494, 1499 (S.D.N.Y. 1987) (denying the defendant's motion to stay, reasoning that "it is extremely dubious whether [the defendant's] Answer could effect the liability in the criminal proceedings," and that the defendant "ha[d] negotiated and cooperated with the Government and entered a plea of guilty as part of an arrangement, thereby substantially decreasing if not extinguishing the risk of his further prosecution."). Therefore, this factor also weighs against granting Defendants' motion to stay.

## C. Prejudice to Plaintiff

Defendants maintain that any delay to the civil matter would impose only "minimal" prejudice to Plaintiffs' case. Def.'s Br. at 4. Generally, "'in evaluating the plaintiff's burden resulting from the stay, courts may insist that the plaintiff establish more prejudice than simply to expeditiously pursuing his claim.'" <u>In re Adelphia Comm'cns Sec. Litig.</u>, 2003 WL 22358819, at *4 (E.D. Pa. May 13, 2003) (citing <u>Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.</u>, 87 F.R.D. 53, 56 (E.D. Pa. 1980)). However, courts have also recognized that a

delay may lead to the loss of evidence and frustrate a plaintiff's ability to put on an effective case. Sidan v. Orleans County, 180 F.R.D. 226, 230 (W.D.N.Y. 1997) (denying defendant's motion to stay in part, considering the plaintiffs' concern with the adverse effects that continued delay may have on their ability to conduct discovery); Citibank, N.A. v. Hakim, 1993 WL 481335, at *2 (S.D.N.Y. Nov. 18, 1993) (same). As one district court noted, "with the passage of time, witnesses become unavailable, memories of conversations and dates fade, and documents can be lost or destroyed." SEC v. Brown, 2007 WL 4192000, at *2 (D. Minn. July 16, 2007). In this case, Plaintiffs have an interest in moving their case forward, and also in preventing any prejudice that an indefinite stay may cause as discoverable evidence may become lost or destroyed. Indeed, as Plaintiffs noted in their brief in opposition to Defendants' motion, two key witnesses have died since the commencement of this case. Pl.'s Br. at 3-4. Furthermore, Defendants' argument that "[t]he potential prejudice to the [P]laintiff[s] is minimal" because "criminal proceedings are concluded far more quickly . . . due to the Speedy Trial Act" has much less force in this case because, as noted above, Defendant Ginger Sweeton has accepted a plea agreement and there will be no criminal case to litigate. See Def.'s Reply Br. at 2. Thus, to avoid further loss of evidence and allow Plaintiffs to effectively litigate their civil claims, this factor weighs against granting Defendants' motion to stay.

**D. Interests and Burdens on Defendants**

Defendants assert that "the burden of . . . proceeding in the civil case without a stay would be significant" because "without a stay, [D]efendant [Ginger Sweeton] would invoke the Fifth Amendment, which could be used against her at trial and might create an adverse inference, . . . or else discovery taken in the civil case could provide information to the prosecution for use in the criminal case." Def.'s Br. at 4 (internal citations omitted). A defendant undoubtedly has

an interest in avoiding "the quandary of choosing between waiving his Fifth Amendment rights and effectively forfeiting the civil case." Transworld, 886 F. Supp. at 1140. However, in this case, Defendant Ginger Sweeton's concerns are unfounded. As noted above, she may have already made an admission of guilt in accepting the plea deal, and presumably waived her Fifth Amendment privilege against self-incrimination. Furthermore, because of the plea deal, the government will not be prosecuting her in a criminal trial. As such, it cannot gain any unfair advantage over Defendants from information gained from Plaintiffs' civil case. Indeed, rather than providing justice to Defendants, staying the present civil case would serve only to unfairly advantage Defendant Ginger Sweeton by allowing her to avoid the civil suit against her that arises from her alleged misconduct. That "[D]efendant's conduct also resulted in a criminal charge against [them] should not be availed of [her] as a shield against a civil lawsuit and prevent [P]laintiff[s] from expeditiously advancing [their] claim." Arden Way Assoc., 660 F. Supp. at 1497 (noting that the defendant's guilty plea and arrangement with the government should not prejudice plaintiff by staying the civil proceeding). Accordingly, this factor weighs against a stay.

**E. Interests of the Court**

Defendants suggest that it is in the Court's interest to grant a stay because doing so may encourage a settlement between the parties. Def.'s Br. at 5. When balancing its own interests, judicial efficiency that results from settlement of cases is one interest that the Court will consider. To be sure, "[t]he conviction of a civil defendant as a result of an entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil case and promote settlement of civil litigation." In re Worldcom Securities Litig., 2002 WL 31729501, at *8 (S.D.N.Y. Dec. 5, 2002). In this case, because Defendant

Ginger Sweeton has already pled guilty in the criminal case against her, a stay is not needed to provide an incentive for the parties to settle. Rather, by allowing the civil case to go forward, there more of an impetus to settle the case because many of the issues will undoubtedly have been resolved by Defendant Ginger Sweeton's admission of guilt in the criminal matter. Another interest for the court to consider is judicial expediency; that is, whether staying the civil case will interfere with the court's management of the docket. The Court "has an obligation to move its docket, and not to let cases languish before it." In re Scrap Metal Antitrust Litig., 2002 WL 31988168, at *7 (N.D. Ohio Nov. 7, 2002). However, granting a stay, seemingly for an indefinite duration while there remains the "potential" that Defendants may be prosecuted in other jurisdictions, would obfuscate this interest in expediency. At this time, no indictment has been issued in any other jurisdiction. To postpone this case until the conclusion of Defendants' prosecution, if any, "would require this [C]ourt to either 'rely upon fortuitous acts to manage its docket . . . or to guess what criminal acts [Defendant] might be charged with, and consequently which limitations periods apply to those criminal acts. . . . ." Hakim, 1993 WL 481335, at *2 (internal citations omitted). Such a postponement is wholly unrealistic. Id. Therefore, the Court finds that this factor weighs against granting a stay.

**F. Public Interest**

Defendants do not allege, and the Court does not find, that there is any significant public interest tied to granting a stay. At a minimum, however, the public has an interest in the efficient resolution of disputes with minimal delay. Diamond v. Borough of Peapack Gladstone, 2011 WL 4950169, at *7 (D.N.J. Oct. 18, 2011). Furthermore, various third parties have an interest in resolving this case quickly and efficiently. Plaintiffs cite the fact that "various non-party persons have been served subpoenas" and "depositions have been scheduled," all at great expense to the

parties involved. Pl.'s Br. at 4. As Plaintiffs rightly point out, "innocent non-party witnesses should not bear the cost and inconvenience of the Defendants' proposed stay when they have already made arrangements with their employers to take time off from work to attend depositions." Id. In sum, this final factor also weighs against granting a stay.

**2. MOTION TO STAY AS TO CORPORATE DEFENDANT SWEETON BOOKKEEPING, INC.**

Defendants also contend that the case should be stayed as to the corporate Defendant Sweeton Bookkeeping Services, Inc. because Defendant Ginger Sweeton, as the sole owner and custodian of the corporation, "cannot be compelled to testify on her behalf of the corporation, or even produce documents on behalf of the corporation if to do so would incriminate her." Def.'s Br. at 5. It is well settled, and Defendants do not dispute, that corporations do not enjoy a Fifth Amendment privilege against self-incrimination because it is a privilege that is personal and available only to "natural individuals." Braswell v. United States, 487 U.S. 99, 102 (1988). In addition, the Supreme Court has held that a custodian of corporate records cannot assert the Fifth Amendment to prevent the production of those records under the collective-entity doctrine. See Bellis v. United States, 417 U.S. 85, 88 (1974); Braswell, 487 U.S. at 108-09. The collective-entity doctrine applies to a corporation "regardless of how small [it] may be." Bellis, 417 U.S. at 100. Furthermore, "a corporate custodian is not entitled to resist a subpoena on the grounds that his act of production would be personally incriminating." Braswell, 487 U.S. at 117. Nevertheless, Defendants argue that because the corporate Defendant in this case is solely owned by Defendant Ginger Sweeton, Defendant Ginger Sweeton would be forced to incriminate herself if she were compelled to produce documents on behalf of the corporation as its custodian. Def.'s Br. at 6. Although neither the Supreme Court nor the Third Circuit has ruled on the issue

of the applicability of the Fifth Amendment to "one-man corporations," other courts confronted with this argument have held that one-man corporations cannot assert a Fifth Amendment privilege with respect to production of documents. United States v. Arizechi, 2006 WL 1722591, at *3 (D.N.J. June 20, 2006) (citing Amato v. United States, 450 F.3d 46 (1st Cir. 2006); United States v. Raniere, 895 F. Supp. 699, 707 (D.N.J. 1995); In re Two Admin. Subpoenas Duces Tecum, 2005 WL 1429743, at *17-19 (D. Me. June 17, 2005)). As noted by the district court in Arizechi, the reasoning in these cases is sound. See Arizechi, 2006 WL 1722591, at *3. In their briefs, Defendants have not cited any cases making a contrary holding. Therefore, this Court will also follow the reasoning of the above-cited cases, and hold that the Fifth Amendment does not apply to one-man corporations like the one in this case. However, even if the Fifth Amendment applied to one-man corporations like the one in this case, the same logic for denying a stay against Defendant Ginger Sweeton individually would also apply to the her solely-owned corporation, Defendant Sweeton Bookkeeping Services. Accordingly, the Court denies Defendants' request to stay the civil proceedings as to the corporate Defendant as well.

## III. CONCLUSION

For the reasons stated herein,

**IT IS** on this 18th day of November,

**ORDERED** that Defendants' Motion to Stay all proceedings in this action pending the outcome of a criminal investigation is **DENIED**.

**s/ Douglas E. Arpert**
**DOUGLAS E. ARPERT**
**United States Magistrate Judge**